

Evan A. Andersen
*Partner*

Direct: 470-598-0800
Evan.andersen@sriplaw.com

August 2, 2023

<u>VIA CM/ECF:</u>
Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   **The Granger Collection, Ltd. d/b/a GRANGER Historical Picture Archive**
      **d/b/a Sarin Images v. Pacific Press Service and Robert Kirschenbaum**
      **Case No.:  1:23-cv-3647**
      **Our File:  00883-0001**
      **Motion for Alternate Service**

Your Honor,

Our firm represents Plaintiff The Granger Collection, Ltd. d/b/a GRANGER Historical Picture
Archive d/b/a Sarin Images ("Granger" or "Plaintiff") in the above-referenced matter. We write
pursuant to Your Honor's Individual Practices and Rules, to move for an order authorizing
alternate service of process on Defendants Pacific Press Service ("PPS") and Robert
Kirschenbaum ("Kirschenbaum") (collectively, "Defendants").

The facts of this case are relatively straightforward. Plaintiff obtained ownership of a series of
colorized images over the course of several years. Many of these images were registered with the
Register of Copyrights on August 5, 2004 (Registration No. VA 1-276-817). Subsequently,
Granger entered into an agreement ("Agreement") with PPS, a stock photography licensing
company, and Kirschenbaum, President and owner of PPS. The Agreement allowed Defendants
to be the exclusive licensees of Plaintiff's copyrighted images for one year; thereafter, the parties
could choose to continue the Agreement or terminate it. On July 12, 2020, Plaintiff provided a
written notice to Defendants, terminating the Agreement and reasserting the requirement for
Defendants to destroy all digital images received from Plaintiff. However, Defendants continue
to display, distribute, and sell licenses to many of Plaintiff's images and have not paid royalties
due on license fees obtained for those images. As such, the overarching issues in this case
amount to breach of contract and copyright infringement.

As to the current issue brought before this Court, it is important to note that the Agreement
contractually subjected Defendants to personal jurisdiction in New York. In fact, PPS is a
Foreign Corporation with a principal place of business in Tokyo, Japan, and Kirschenbaum is an
individual who also resides in Tokyo, Japan. Plaintiff has requested that Defendants waive
service and has waited sixty days with no response. Accordingly, and for the reasons set forth

2

more fully herein, Plaintiff requests an order authorizing service of process on Defendants via electronic mail, pursuant to Federal Rule of Civil Procedure 4(f)(3).

As set forth by the Federal Rule of Civil Procedure 4(f)(3), "a Court may fashion means of service on an individual in a foreign country, so long as the ordered means of service (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process." Similarly, the Rules provide that foreign corporations may be served in the same manner as individual defendants. *See* Fed. R. Civ. P. 4(h)(2). There is no requirement that a Plaintiff attempt service by *all* methods outlined in Rule 4(f) before asking the Court to intervene. *In re One Apus Container Ship Incident on November 30, 2022*, 2022 U.S. Dist. LEXIS 217757, at *28 (S.D.N.Y., Dec. 2, 2022) (citation omitted, emphasis added). Rather, the plain language of Rule 4(f)(3) reflects that the decision to issue an order allowing an alternate means of service lies within the sole discretion of the District Court. *Prewitt Enters., Inc. v. Org. of Petrol. Exporting Countries*, 353 F.3d 916, 923 (11th Cir. 2003). As stated, Plaintiff has offered Defendants the opportunity to waive service and has given them ample time to do so. Attempting other methods of service is not only unnecessary, but much more costly and time consuming than service by electronic mail, as Plaintiff proposes.

Rule 4(f)(3) also provides the Court with "flexibility and discretion empowering courts to fit the *manner of service* utilized to the *facts and circumstances* of the particular case." *SEC v. Anticevic*, 2009 U.S. Dist. LEXIS 11480, at *3 (S.D.N.Y., Feb. 8, 2009) (citation omitted, emphasis added). It follows that "[s]uch flexibility *necessarily* includes the utilization of modern communication technologies to effect service when warranted by the facts." *Broadfoot v. Diaz (In re International Telemedia Assocs.)*, 245 B.R. 713, 720 (Bankr. N.D. Ga. 2000) (emphasis added). Moreover, "[a] defendant should not be allowed to evade service by confining himself to modern technological methods of communication not specifically mentioned in the Federal Rules." *Id* at 722. In fact, e-mail service has proven its success within the federal court system: "The federal judiciary's own CM/ECF system alerts parties . . . by e-mail messages." *Chanel, Inc. v. Zhibing*, Case No. 09-cv-02835, 2010 WL 1009981, at *4 (W.D. Tenn., Mar. 17, 2010). Defendants operate a stock photo licensing company; as such, most – if not all – of their business is conducted online. It would be inequitable to allow Defendants to use technology when it benefits them (i.e. while doing business), while simultaneously using it as a crutch (i.e. as a seemingly inadequate method of effectuating service).

Further, the Constitution does not mandate or proscribe specific methods of effectuating service. Constitutional due process considerations require only that the method of service selected be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Brookshire Bros., Ltd.*, 2007 WL 1577771, at *1 (S.D. Fl., May 31, 2007) (citation omitted). In that vein, federal courts have allowed a variety of alternative service methods, including service by e-mail, where a plaintiff demonstrates the likelihood that the proposed alternative method of service will notify a defendant of the pendency of the action." See, e.g., *Rio Props. Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (holding, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable"); *Tracfone Wireless, Inc. v. Bitton*, 278

| FLORIDA | NEW YORK | CALIFORNIA | GEORGIA | TENNESSEE |
|---------|----------|------------|---------|-----------|
| 21301 Powerline Road<br>Suite 100<br>Boca Raton, FL 33433 | 175 Pearl Street<br>3rd Floor<br>Brooklyn, NY 11201 | 8730 Wilshire Boulevard<br>Suite 350<br>Beverly Hills, CA 90211 | 12 Powder Springs Street<br>Suite 200<br>Marietta, GA 30064 | 818 18th Avenue S.<br>10th Floor<br>Nashville, TN 37203 |

Main: 561-404-4350 | Fax: 561-404-4335 | www.sriplaw.com | info@sriplaw.com

3

F.R.D. 687, 693 (S.D. Fl., Jan 10, 2012) (finding that service of process by e-mail was reasonably calculated to apprise the Defendants of the action and give it an opportunity to respond). As discussed, due to the nature of their business, Defendants are no doubt familiar with navigating the World Wide Web and have communicated with Plaintiff via e-mail on several occasions; as such, it is more likely than not that Defendants could successfully be served via electronic communication.

Finally, service via electronic means is not prohibited by international agreement. As stated, Defendants reside and/or operate in Japan. The United States and Japan are both signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Service Convention"). The Hague Service Convention does not preclude the Court from authorizing service of process via e-mail, and alternative means of service (such as e-mail) are not prohibited by the Hague Service Convention where a signatory nation has not expressly objected to those means. *See* Hague Convention, Art. 10, 20 U.S.T. 361 (1969); *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, Case No. 15-cv-20590-FAM, 2015 U.S. Dist. LEXIS 122000 (S.D. Fla. Sept. 14, 2015). Japan has not expressly objected to electronic mail as a means of service. Effecting service upon an individual and/or corporation in Japan through the process implemented by the Hague Convention is complex and lengthy; it is estimated that it would take six months to a *year* to do so. *Apus Container Ship*, 2022 U.S. Dist. LEXIS 217757, at *31. As recently set forth by the Southern District of New York, "Courts in this Circuit routinely permit alternative service where such multi-month delays would 'unnecessarily delay the case.'" *Id*. Allowing service by electronic mail would move this case forward *exponentially* faster and more efficiently than any other available method, *especially* via the Hague Convention process.

As set forth herein, this Court is well within its authority and discretion to allow alternate means of service. In attempting to obtain a waiver of service, at least sixty days have passed while this case has essentially laid dormant. Defendants are more than capable of receiving service by electronic mail, and there is simply no reason for more time to be lost while pursuing other prohibitive means of service. For these reasons and those outlined above, Plaintiff respectfully requests this Court to enter an Order authorizing alternate service of process on Defendants, specifically by electronic mail.

Should this Court decide that service by email is not authorized, Plaintiff Granger respectfully requests an extension of six months to serve Defendants through the diplomatic processes implemented by the Hague Convention.

Sincerely,

**SRIPLAW, P.A.**

Evan A. Andersen

| FLORIDA | NEW YORK | CALIFORNIA | GEORGIA | TENNESSEE |
|---------|----------|------------|---------|-----------|
| 21301 Powerline Road Suite 100 Boca Raton, FL 33433 | 175 Pearl Street 3rd Floor Brooklyn, NY 11201 | 8730 Wilshire Boulevard Suite 350 Beverly Hills, CA 90211 | 12 Powder Springs Street Suite 200 Marietta, GA 30064 | 818 18th Avenue S. 10th Floor Nashville, TN 37203 |

Main: 561-404-4350 | Fax: 561-404-4335 | www.sriplaw.com | info@sriplaw.com

4

Cc: All Parties via ECF

| **FLORIDA** | **NEW YORK** | **CALIFORNIA** | **GEORGIA** | **TENNESSEE** |
|---|---|---|---|---|
| 21301 Powerline Road<br>Suite 100<br>Boca Raton, FL 33433 | 175 Pearl Street<br>3rd Floor<br>Brooklyn, NY 11201 | 8730 Wilshire Boulevard<br>Suite 350<br>Beverly Hills, CA 90211 | 12 Powder Springs Street<br>Suite 200<br>Marietta, GA 30064 | 818 18th Avenue S.<br>10th Floor<br>Nashville, TN 37203 |

Main: 561-404-4350 | Fax: 561-404-4335 | www.sriplaw.com | info@sriplaw.com