UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE GRANGER COLLECTION, LTD,<br><br>        Plaintiff(s),<br><br>   v.<br><br>PACIFIC PRESS SERVICE, et al.,<br><br>        Defendant(s). | 23-CV-3647 (DEH)<br><br>ORDER |

DALE E. HO, United States District Judge:

On August 30, 2023, the Court granted Plaintiff's first request to adjourn the initial pretrial conference, pending the Court's decision on Plaintiff's Motion to Authorize Alternative Service. ECF No. 14. On October 19, 2023, the Court granted such authorization. ECF No. 20.

On October 25, 2023, the Court granted Plaintiff's second request to adjourn the initial pretrial conference, pending Plaintiff's issuance of summons and alternative service on Defendants. ECF No. 26.

Plaintiff has not made a third request to adjourn the conference, currently scheduled for November 16, 2023, at 10:30 a.m. (E.T.). Nonetheless, whereas Defendants have still not appeared, the conference is hereby ADJOURNED to **December 21, 2023, at 11:00 a.m. (E.T.)**. The parties shall dial 646-453-4442, enter the meeting code 54666466, and press pound (#).

Plaintiff is ORDERED to file on ECF a letter updating the Court on the status of this case by **November 22, 2023**. The letter shall address (1) whether this case has settled or otherwise been terminated, (2) whether there have been any communications with the Defendant(s) (including a description of contact efforts that have been made to date), and (3) whether Plaintiff intends to move for default judgment or to voluntarily dismiss this case.

By **December 14, 2023**, the parties are hereby ORDERED to file on ECF a joint letter, described below, updating the Court on the status of the case. Parties shall attach the Civil Case Management Plan and Scheduling Order, available at https://www.nysd.uscourts.gov/hon-dale-e-ho, to the joint letter. The joint letter shall provide the following information, as relevant, in separate paragraphs:

1. Names of counsel and current contact information, if different from the information currently reflected on the docket;

2. A brief statement of the nature of the case and/or the principal defenses thereto;

3. A brief explanation of why jurisdiction and venue lie in this Court. In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to Title 28, United States Code, Section 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists. Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees;

4. A statement of all existing deadlines, due dates, and/or cut-off dates;

5. A statement of any previously-scheduled conference dates with the Court that have not yet occurred and the matters that were to be discussed;

6. A brief description of any outstanding motions, including the date of the motion and the nature of the relief sought;

7. A statement and description of any pending appeals;

8. A detailed statement of all discovery undertaken to date, including how many depositions each party has taken and what, if any, discovery remains that is essential for the parties to engage in meaningful settlement negotiations;

9. A brief description of the status of prior settlement discussions, without disclosing exact offers and demands;

10. A statement of whether the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (e.g., within the next 60 days, after the deposition of plaintiff is completed, after the close of fact discovery, etc.) the use of such a mechanism would be appropriate;

11. An estimate of the length of trial; and

12. Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive or novel issue raised by the case.

If this case has been settled or otherwise terminated, counsel are not required to submit such letter or to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the joint letter submission deadline, using the appropriate ECF Filing Event.  *See* SDNY ECF Rules & Instructions §§ 13.17-13.19, available at http://nysd.uscourts.gov/ecf_filing.php.  The parties are advised that requests for extensions or adjournment may be made only by letter-motion filed on ECF, and must be received at least two business days before the deadline or scheduled appearance, absent compelling circumstances.  The written submission must state (1) the original date(s) set for the

appearance or deadline(s) and the new date(s) requested; (2) the reason(s) for the request; (3) the number of previous requests for adjournment or extension; (4) whether these previous requests were granted or denied; and (5) whether opposing counsel consents, and, if not, the reasons given by opposing counsel for refusing to consent.

SO ORDERED.

Dated: November 15, 2023
       New York, New York

                                    DALE E. HO
                          United States District Judge